IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EVARISTE KABURA,<br><br>               Petitioner,<br><br>v.<br><br>LAURA MCNEER et al.,<br><br>               Respondents. | **MEMORANDUM DECISION & ORDER**<br><br><br>Case No. 2:17-cv-881-CW<br><br>Judge Clark Waddoups |

Before the court is Respondents' Motion to Dismiss. (ECF No. 10.) Petitioner Kabura

filed this action under 8 U.S.C. § 1447(b), which gives the court authority to decide a petitioner's

application to naturalize as a citizen or to instruct the United States Citizenship and Immigration

Service to do so if 120 days have passed since the petitioner submitted his or her application and

USCIS has made no determination. Respondents argue that 8 U.S.C. § 1429 limits the court's

authority under § 1447(b) by prohibiting the Attorney General (now USCIS)[1] from considering

an application for naturalization if there are removal proceedings pending against the petitioner,

---

[1] "The statutory reference to the Attorney General is a legal artifact. 'In 2002, Congress transferred authority (1) to commence removal proceedings and (2) to adjudicate applications for naturalization from the Attorney General to the Secretary of the Department of Homeland Security.' *Ajlani v. Chertoff*, 545 F.3d 229, 231 n. 2 (2d Cir.2008). That transfer took effect March 1, 2003. *Batalova v. Ashcroft*, 355 F.3d 1246, 1248 n. 1 (10th Cir.2004). Consequently, the term 'Attorney General' in § 1429 now means the 'Secretary of Homeland Security.' *See* 6 U.S.C. § 557 ('With respect to any function transferred by or under this chapter [principally enacted by the Homeland Security Act of 2002] . . . and exercised on or after the effective date of this chapter, reference in any other Federal law to any department, commission, or agency or any officer or office the functions of which are so transferred shall be deemed to refer to the Secretary [of Homeland Security], other official, or component of the Department [of Homeland Security] to which such function is so transferred.')." *Awe v. Napolitano*, 494 F. App'x 860, 862 n.3 (10th Cir. 2012) (unpublished).

when read in conjunction with 8 U.S.C. § 1421(a), which vests authority to naturalize citizens exclusively in USCIS. Having fully considered the briefing, hearing oral argument, and being otherwise fully informed, the court GRANTS Respondents' Motion for the reasons stated herein.

## Background[2]

The facts material to the Motion are undisputed. Mr. Kabura applied for naturalization in August 2016 (Application for Naturalization 20, ECF No. 2-1.), and he had an examination on the application on December 21, 2016. (Respondents Motion 2, ECF No. 10). He successfully passed the requirements for English, U.S. History, and U.S. Government, and met the requirements for continuous presence within the United States. (Complaint, ¶ 5, ECF No. 2.) USCIS then sent Mr. Kabura a Notice to Appear, notifying him he was subject to removal on July 28, 2017. (Notice to Appear, ECF No. 10-1.) The notice cited Mr. Kabura's 2010 violation of a state-issued protective order as the basis for his removal. (*Id.*) The notice stated that he was subject to removal under § 237(a)(2)(E)(ii) of the Immigration and Nationality Act because it has been determined that he had "engaged in conduct in violation of [a protective] order that involves protection against credible threats of violence, repeated harassments, or bodily injury to the person . . . for whom the protection order was issued." (*Id.*) The assertion was based on Mr. Kabura's conviction in 2010 on a state misdemeanor charge. The factual support stated in the Presentence Report was that Mr. Kabura had attempted several times to call his ex-wife, but only talked to her one time. (Presentence Report 2–3, ECF No. 2-6.) The calls were found to be in

---

[2] "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). And Mr. Kabura does not appear to object to the court's consideration of the material facts not conveyed in the Petition: that USCIS issued a notice to appear and filed it in the immigration court.

violation of temporary provisions of the protective order, pending final determination of the ex-wife's motion. (*Id.* at 3.) There were no reports of injury or property damage. (*Id.*) The Presentence Report contains no support for a finding of threats or harassment, other than the several attempted telephone calls. (*Id.*) The ex-wife failed to appear at the hearing for a protective order, and the case was dismissed. (*Id.*) Nevertheless, the state proceeded on the misdemeanor charge, and Mr. Kabura was convicted and sentenced to probation, which he successfully completed. He disclosed the conviction in his Application for Naturalization. (Application 15 & 23, ECF No. 2-1.)

After USCIS failed to act on the application for more than 220 days, Mr. Kabura filed this action on August 3, 2017. (Complaint, ECF No. 1.) Respondents moved for dismissal under Federal Rule of Civil Procedure 12(b)(1) on October 23, 2017, arguing the action is barred by its filing of the notice to appear.

## Analysis

The question before the court is whether 8 U.S.C. § 1429 deprives the court of the jurisdiction that Congress conferred on it through 8 U.S.C. § 1447(b). Section 1447(b) states:

> If there is a failure to make a determination under section 1446[3] of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

Therefore, according to the plain language of § 1447(b), because Mr. Kabura filed his petition for this court to review his naturalization application 120 days after the date of his examination,

---

[3] Section 1446 governs the investigation and examination of naturalization applicants.

this court acquired jurisdiction to consider his application or remand it to USCIS with instructions for the agency to do the same.

Respondents argue, however, that the court was stripped of its jurisdiction when ICE filed its notice to appear in the immigration court because of § 1429. Section 1429 states in relevant part that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act." Respondents contend that the prohibition against the Attorney General extends to the court because "[t]he sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General."[4] 8 U.S.C. § 1421(a). There is limited case law in this area, and courts considering the relationship between § 1447(b) and § 1429 have considered case law related to § 1421(c), which permits district court review after denial of a naturalization application. *See, e.g.*, *Klene v. Napolitano*, 697 F.3d 666 (7th Cir. 2012) (cataloguing cases).

In *Awe v. Napolitano*, 494 Fed.Appx. 860 (10th Cir. 2012) (unpublished), the Tenth Circuit Court of Appeals considered the effect of removal proceedings on a § 1421(c) petition for review and concluded that, while § 1421(c) confers jurisdiction on the district court to review an application previously denied by USCIS, § 1429 deprived the district court of the ability to "grant [petitioner] any effective relief." *Id.* at 861, 865. The court determined the case should be dismissed without prejudice on constitutional mootness grounds because even if the district court

---

[4] Naturalization "means the conferring of nationality of a state upon a person after birth, by any means whatsoever." 8 U.S.C. § 1101(23). The naturalization process includes the application, which Mr. Kabura has completed and now asks this court to decide, but also participation in public ceremony in which the person seeking to be naturalized swears an oath of allegiance. *Id.* § 1448.

reviewed the decision by USCIS on petitioner's application and concluded that it should have

been granted, USCIS did not have authority to naturalize the petitioner. *Id.* at 865–66. The court

concluded a petition for judicial review is not "'amenable to specific relief'" where a removal

proceeding is pending. *Id.* (quoting *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011)).

Although the *Awe* court did not address the effect of its conclusion on cases under

§ 1447(b) because doing so would be dicta, 494 Fed. Appx. at 865 n.7, at least two district courts

in the Tenth Circuit have applied *Awe*'s reasoning to § 1447(b) petitions. *See Singh v. Sessions*,

Case No. 2:17-cv-36, 2018 WL 486749 (D. Utah Jan. 18, 2018) (relying on *Awe* in concluding a

petition under § 1447(b) was constitutionally moot); *Borski v. Lynch*, Case No. 16-cv-924, 2017

WL 1153997 (D. Colo. March 27, 2017) (dismissing the petitioner's action to compel USCIS to

explain its delay in considering the petitioner's naturalization application and to render such a

decision because the court could take no action that "would affect the behavior of the parties").

And other circuit courts have similarly concluded that district courts should dismiss a petition

under § 1447(b) if the petitioner is subject to removal proceedings, though they have not gone so

far as to determine the cases were constitutionally moot. *See Saba-Bakare v. Chertoff*, 507 F.3d

337 (5th Cir. 2007) (concluding that subject matter jurisdiction did not exist under § 1447(b)

because removal proceedings had already begun); *Ajlani v. Chertoff*, 545 F.3d 229 (2d Cir. 2008)

(determining § 1421(a) meant the district court considering a naturalization application under

§ 1447(b) could have no more authority than the Attorney General who was barred from acting

on a such an application while removal proceedings were pending).

Mr. Kabura argues that his case differs from those cases, however, because in addition to

asking the court to instruct the agency to act on his petition, he has also asked the court to retain

jurisdiction and decide the matter for itself. He argues that § 1429 may prevent the court from

remanding to USCIS, because doing so would require subsequent conduct by the agency in

violation of § 1429, but that § 1429 only refers to the Attorney General and has no effect on the

court's ability to decide the matter for itself. He states, "Section 1429 places no such limits on an

Article III court's judicial review independently conferred on it under 8 U.S.C. § 1447(b)."[5]

Mr. Kabura relies on *Gonzalez v. Secretary of Department of Homeland Security*, 678

F.3d 254 (3d Cir. 2012), in which the Third Circuit held that, while a district court could not

instruct the Attorney General to grant an application for naturalization, it could enter declaratory

judgment that the application should be granted. In *Gonzalez*, USCIS had denied petitioner's

application for naturalization because he provided false information, and subsequent to the

denial, USCIS initiated removal proceedings. *Id.* at 256. The issue before the court was whether

"§ 1429 forecloses judicial review pursuant to § 1421(c) whenever removal proceeding is

pending." *Id.* at 258. The Third Circuit was persuaded by the Ninth Circuit's conclusion that

there is "'no textual basis for concluding that jurisdiction vested in district courts by § 1421(c) is

---

[5] Mr. Kabura cites *Abiondun v. Gonzalez*, 461 F.3d 1210, 1216–17 (10th Cir. 2006), as direct
support for this proposition. But § 1429 was not at issue in *Abiondun*. Instead, *Abiondun*
involved a challenge to judicial review of a final order of removal under 8 U.S.C. § 1252. *Id.* at
1211, 1214–15. The petitioner objected to his removal, claiming that he was a United States
national because he had signed an oath as a part of his naturalization application. But he was
never naturalized because he never swore the oath of allegiance as a part of a public ceremony.
*Id.* at 1215–16. Explaining why it did not have authority to consider whether the petitioner's
naturalization application was properly decided, the court discussed in general terms the judicial
review process for a naturalization application. But the Tenth Circuit's only discussion relevant
to this case is a direct quotation to § 1447(b). *Id.* at 1216. The court did not address § 1429 or the
effect of removal proceedings on the court's jurisdiction. And the court's statement that "the
United States district courts have sole jurisdiction over the denial of applications for
naturalization," *id.* at 1216, has no bearing on this issue because the court was considering
whether a challenge to a naturalization decision could be raised in a removal proceeding or if it
must be challenged in a separate review of the naturalization application. In other words,
*Abiondun* has no bearing on the question now before this court.

divested by § 1429.'" *Id.* (quoting *De Lara Bellajaro v. Schiltgen*, 378 F.3d 1042, 1046 (9th Cir. 2004)). The Third Circuit then concluded that, because the Attorney General had ruled on the merits of the petitioner's application, the district court had jurisdiction to review that denial and could grant declaratory judgment if it concluded that USCIS's decision merited reversal. *Id.* Declaratory judgment was a possible remedy because, according to the Third Circuit, it "permits the alien a day in court . . . while not upsetting the priority of removal over naturalization established in § 1429 because it affects the record for—but not the priority of—removal proceedings, thereby preserving both congressionally mandated goals." *Id.* at 261.

But a modification of the record is not the sort of "conclusive relief" the Tenth Circuit requires. *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011). The Tenth Circuit interprets the constitutional mootness doctrine to mean that "where a plaintiff seeks a declaratory judgment against his opponent, he must assert a claim for relief that, if granted, would affect the behavior of the particular parties listed in his complaint." *Id.* at 1025. Citing *Jordan*, the Tenth Circuit concluded in *Awe* that a declaration by the district court on a § 1421(c) petition for review would not affect the behavior of the parties because § 1429 bars USCIS from acting on such a declaration. 494 Fed. Appx. at 866. For the same reason, declaratory judgment from this court would provide Mr. Kabura no relief because USCIS has exclusive authority to naturalize but is barred by § 1429 from naturalizing Mr. Kabura. 8 U.S.C. § 1421(a).[6]

---

[6] Citing *Nagahi v. Immigration & Naturalization Service*, 219 F.3d 1166 (10th Cir. 2000), Mr. Kabura argues that the Tenth Circuit has rejected the argument that § 1421(a) restricts this court's jurisdiction. This argument is not persuasive for two reasons. First, the plain language of § 1421(a) makes clear that only the Secretary has authority to naturalize; therefore, this court's authority to § 1447(b) cannot be interpreted to include naturalization. Section 1447(b) authorizes this court to "determine the matter." When part (b) is read in full, it is clear that "the matter" is "a determination under section 1446 of [chapter 8 of the United States Code]." Section 1446

Mr. Kabura's remaining arguments are also unpersuasive. His argument that his case is amenable to relief because he asked the court to temporarily restrain Respondents and their agents from commencing removal proceedings against him is without merit because Mr. Kabura did not move the court to grant preliminary relief before the removal proceedings were filed and the court cannot now restrain something that has already occurred. And regardless of whether Mr. Kabura's argument that the initiation of removal proceedings was retaliation for his having sought judicial review has merit, the court is bound by the statutory language permitting such conduct. As the Tenth and Fifth Circuits have concluded, "equitable concerns regarding statutory framework of naturalization and immigration proceedings 'should be addressed to Congress.'" *Awe*, 494 Fed. Appx. at 867 (quoting *Saba-Bakare*, 507 F.3d at 341).

The court cannot instruct USCIS either to decide Mr. Kabura's application nor can it naturalize him or instruct USCIS to do so. *See Awe*, 494 Fed. Appx. at 866. Therefore, Mr. Kabura's petition is constitutionally moot and must be dismissed without prejudice.[7]

---

governs "[i]nvestigation of applicants; examination of applications" to be conducted "[b]efore a person may be naturalized." Therefore, the district court's decision on "the matter" under § 1447(b) is a preliminary decision to approve the application, not naturalization of the petitioner. Authority to naturalize lies solely with the Secretary. 8 U.S.C. § 1421(a). Second, *Nagahi* does not support a contrary reading of the relevant statutes nor is it even relevant to the issues before this court. *See* 219 F.3d at 1169 (concluding that INS could not limit the scope of judicial review under § 1421(c) by passing a regulation restricting the amount of time a petitioner had to appeal from an agency decision to the district court where Congress had placed no such limitation on the court's review authority).

[7] The court also concludes that no exception to the mootness doctrine is readily discernible nor has any party argued such an exception applies.

**Conclusion**

Although 8 U.S.C. § 1447(b) confers on this court authority to consider Mr. Kabura's application or to instruct USCIS to do so, the pending removal proceedings against Mr. Kabura deny this court the ability to grant any relief. Therefore the petition is constitutionally moot, and Mr. Kabura's petition is DISMISSED without prejudice. Because the petition is moot, allowing Mr. Kabura opportunity to amend his petition to add the Attorney General would be futile and that motion is denied.

DATED this 11th day of July, 2018.

BY THE COURT:

Clark Waddoups
United States District Judge